# Third District Court of Appeal

## State of Florida

Opinion filed January 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1061
Lower Tribunal No. 11-23164
_____


**Jorge Artiles,**
Appellant,

vs.

**Yurisbel Pino, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Gill S. Freeman and Darrin P. Gayles, Judges.

Martyn W.D. Verster, for appellant.

Walton Lantaff Schroeder & Carson LLP, and Michele E. Ready and Ian Ronderos, for appellee Yurisbel Pino.


Before WELLS, ROTHENBERG, and EMAS, JJ.

ROTHENBERG, J.

Jorge Artiles ("Artiles") appeals a final summary judgment entered in favor of Yurisbel Pino ("Pino") and Balboa Insurance Company ("Balboa") insofar as it prohibits Artiles from pursuing damages against his residential tenant, Pino, in connection with a fire that damaged Artiles's real property ("subject property"). Because Artiles assigned away his rights in his mortgage with Aurora Loan Services, LLC ("Aurora") to recover damages from third parties for damaging the subject property up to the unpaid balance on his mortgage debt, we affirm the trial court's entry of final summary judgment, which was based on its determination that Artiles cannot maintain any further action against Pino for his alleged negligence in causing the fire.

## BACKGROUND

Artiles received a loan from Aurora for $180,044, which was secured by a mortgage on the subject property. Artiles defaulted on the loan, and Aurora initiated a foreclosure suit. In June 2010, after the foreclosure action was filed, the subject property was damaged in a fire. At the time of the fire, the subject property was covered by a lender-placed insurance policy that the lender, Aurora, had purchased from Balboa.

In September 2010, pursuant to the lender-placed insurance policy, Balboa, the insurer, paid the lender, Aurora, $58,941.56 for the fire damage on the subject property. In July 2011, while the foreclosure action was still pending, Artiles filed

suit against his tenant, Pino, alleging that Pino had negligently started the fire, and Balboa sought subrogation rights in Artiles's claim against Pino and Pino's insurance provider.

In May 2012, Aurora and Artiles settled the pending foreclosure action. In their mediated settlement agreement, Aurora agreed to waive any deficiency judgment against Artiles in the foreclosure case, Artiles agreed not to contest the foreclosure, both parties agreed to a mutual release of any actions related to the foreclosure, and the parties agreed that Aurora was entitled to the insurance proceeds already obtained from Balboa.

In October 2013, the trial court held a hearing on Artiles's, Pino's, and Balboa's motions for summary judgment regarding Artiles's claims against Pino. After the hearing, the trial court entered an order finding, relevant to this appeal, as follows: (1) Artiles used his right to receive a benefit from Balboa to negotiate an agreement with Aurora in the foreclosure action; (2) Balboa is equitably subrogated to Artiles's claim against Pino due to Balboa's payment to Aurora on behalf of Artiles; (3) Pino is willing to pay the amount of $58,941.56 to Balboa; and (4) Artiles cannot maintain any action against any party for additional damages caused by Pino's alleged negligence because Artiles assigned his rights to any insurance proceeds up to the unpaid balance on the mortgage to Aurora. The trial court subsequently entered a final judgment reflecting those findings. Artiles

appeals the final summary judgment only insofar as it prohibits him from recovering additional damages from Pino.

## ANALYSIS

The limited issue raised in this appeal turns on whether Artiles assigned to Aurora his interest in pursuing any cause of action related to the fire that damaged the subject property. Because in his mortgage Artiles clearly assigned his rights to Aurora to recover for property damage up to the amount due on the mortgage loan, we affirm the final summary judgment finding Artiles has no right to pursue any action against Pino in connection with the damage the fire caused to the subject property.

We review a trial court's entry of final summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Id.

As a matter of law, a party cannot prevail on a cause of action where that party has assigned away its interest in the cause of action. See Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 376 (Fla. 2008) (stating that "once transferred, the assignor no longer has a right to enforce the interest because the assignee has obtained all rights to the thing assigned") (internal quotation omitted). While it is typically true that personal causes of action are not assignable, see Ginsberg v.

4

Lennar Florida Holdings Inc., 645 So. 2d 490, 496 (Fla. 3d DCA 1994), causes of action relating to property damage may be assigned—especially where the assignee has acquired title to the property. See Florida Power Corp. v. McNeely, 125 So. 2d 311, 318 (Fla. 2d DCA 1960); 3A Fla. Jur. 2d Assignments § 12 (2015).

In the instant case, section 11 of the mortgage unambiguously states that "[a]ll Miscellaneous Proceeds are hereby assigned to and shall be paid to [Aurora]." The same section includes that such proceeds, in the event of property damage, would either be used to restore or repair the property, or, in the event that such repairs are not economically feasible, to pay off the balance on the mortgage—with the excess (if any) going to Artiles. The section of the mortgage labeled Definitions describes Miscellaneous Proceeds as "any compensation, settlement, award of damages, or proceeds paid by any third party . . . for: (i) damage to, or destruction of, the Property . . . ." Because all of the damages Artiles seeks qualify as miscellaneous proceeds, we find that under the mortgage, Artiles assigned his rights to such damages to Aurora, and thus Artiles cannot recover damages against Pino for negligently starting the fire.

In addition to section 11, section 5 of the mortgage specifically provides that if Aurora acquires the property by foreclosure or otherwise, Artiles assigns his rights to the proceeds from any insurance policies covering the subject property to

Aurora. Because Artiles agreed in the mediated settlement agreement not to contest the foreclosure action against him, the assignment clause in the mortgage as to Artiles's right to seek insurance proceeds from Pino's insurer was also triggered.

Based on the unambiguous assignment of Artiles's interest contained in sections 5 and 11 of the mortgage, Artiles is precluded, as a matter of law, from seeking damages from Pino and Pino's insurer due to Pino's negligence which allegedly caused the fire on the subject property.

Although Artiles does not dispute that, pursuant to the mortgage, he assigned his interest in the present litigation to Aurora, he contends that his mediated settlement agreement with Aurora modified the mortgage. We disagree as the mediated settlement agreement does not address or modify the original mortgage's assignment of miscellaneous proceeds to Aurora. We also find that the remaining arguments raised by Artiles are without merit, and thus we decline to discuss them here.

Because the damages Artiles seeks to recover against Pino are "Miscellaneous Proceeds" and Artiles assigned his rights to such proceeds under the mortgage, which was foreclosed by Aurora, we affirm the final summary judgment issued by the trial court.

Affirmed.